IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:22-CT-3377-M-RJ

| | |
|---|---|
| EMMANUEL LEE MCGRIFF EL, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | ORDER |
| ) | |
| JUDGE WILLIAM BLAND, et al., ) | |
| ) | |
| Defendants. ) | |

Plaintiff, a state inmate proceeding pro se, filed this civil rights action pursuant to 42 U.S.C. § 1983. The matter is before the court for initial review of plaintiff's complaint under 28 U.S.C. § 1915(e)(2)(B).

When a prisoner seeks relief in a civil action from a governmental entity or officer, a court must dismiss the complaint if it is "frivolous, malicious, or fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915A(a), (b)(1). A frivolous case "lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). Legally frivolous claims are "based on an indisputably meritless legal theory and include claims of infringement of a legal interest which clearly does not exist." Adams v. Rice, 40 F.3d 72, 75 (4th Cir. 1994) (quotations omitted). Factually frivolous claims lack an "arguable basis" in fact. Neitzke, 490 U.S. at 325.

The standard used to evaluate the sufficiency of a pleading is flexible, and a pro se complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." Erickson v. Pardus, 551 U.S. 89, 94 (2007) (quotation omitted). However, a pro se plaintiff's pleading must contain "more than labels and conclusions." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007); Giarratano v. Johnson, 521 F.3d 298, 304 n.5 (4th

Cir. 2008). The court need not accept as true any legal conclusions or unwarranted factual inferences. Ashcroft v. Iqbal, 556 U.S. 662, 677–83 (2009); Coleman v. Md. Court of Appeals, 626 F.3d 187, 190 (4th Cir. 2010), aff'd 132 S. Ct. 1327 (2012).

"To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." West v. Atkins, 487 U.S. 42, 48 (1988); Philips v. Pitt Cty. Mem'l Hosp., 572 F.3d 176, 180 (4th Cir. 2009). Further, a plaintiff also "must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." Iqbal, 556 U.S. at 676; see Monell v. Dep't of Soc. Servs., 436 U.S. 658, 691–92 (1978); Wright v. Collins, 766 F.2d 841, 850 (4th Cir. 1985).

Plaintiff's complaint is not the model of clarity, but plaintiff appears to allege he has been unconstitutionally detained in an underlying state criminal case stating he has "been forced by a foreign government/for profit CORPORATION to answer FRAUDUENT unconstitutional charges that cannot and do not apply to [him] as [he] is a natural person Moorish American national." (Compl. [D.E. 1] at 5). Plaintiff further alleges he has

> been [kidnapped] held for ransom put under threat, duress, coercion with a 'man-of-straw'/misnomer word misrepresented as implying my name and typed upon the order/instrument and was improperly spelled EMMANUEL MCGRIFF in ALL CAPITAL LETTERS. That misnomer and CORPORATE name is clearly (an artificial person/entity) is not me! [T]he natural person is a deliberate grammatical error, intended for injury to me; and is clearly not of consanguine relationship to me or my nationality, in any form, truth or manner; nor to my Moorish family bloodline.

(Id. at 6).

To the extent plaintiff argues that, as a "natural person Moorish American national," he is not subject to the jurisdiction of state or federal courts or is immune from criminal prosecution,

2


such claims have been soundly rejected. See, e.g., United States v. Benabe, 654 F.3d 753, 767 (7th Cir. 2011) ("Regardless of an individual's claimed status . . . as a 'sovereign citizen' . . . that person is not beyond the jurisdiction of the courts. These theories should be rejected summarily"); United States v. James, 328 F.3d 953, 954 (7th Cir. 2003) ("Laws of the United States apply to all persons within its borders."); United States v. Underwood, 726 F. App'x 945, 948 (4th Cir. 2018) ("[C]ourts have concluded that claims similar to Underwood's–asserting that an individual proclaiming himself a free and sovereign citizen not subject to the jurisdiction of federal courts–'ha[ve] no conceivable validity in American law.'" (quoting United States v. Schneider, 910 F.2d 1569, 1570 (7th Cir. 1990))); United States v. White, 480 F. App'x 193. 194 (4th Cir. 2012) ("Neither the citizenship nor the heritage of a defendant constitutes a key ingredient to a . . . court's jurisdiction in criminal prosecutions . . . ."); Joiner v. Perry, No. 1:14-cv-00509, 2014 WL 2930724, at *2 (M.D.N.C. June 27, 2014) (stating Petitioner's arguments regarding "the jurisdiction of the United States, the common law, the corporate status or lack thereof of the United States, maritime and admiralty law, contracts, the status of Petitioner's body as a vessel, social security insurance, and interstate commerce are all irrelevant and Petitioner's claims based on these matters are meritless.").

Furthermore, to the extent plaintiff instead seeks intervention in ongoing state criminal proceedings pursuant to alleged civil rights violations, under the Younger abstention doctrine, see Younger v. Harris, 401 U.S. 37, 43 (1971), the court must abstain from exercising jurisdiction if "(1) there is an ongoing state judicial proceeding brought prior to substantial progress in the federal proceeding; that (2) implicates important, substantial, or vital state interests; and (3) provides an adequate opportunity for the plaintiff to raise the federal constitutional claim advanced in the

federal lawsuit." Nivens v. Gilchrist, 319 F.3d 151, 153 (4th Cir. 2003) (citing Middlesex County Ethics Comm. v. Garden State Bar Ass'n, 457 U.S. 423, 432 (1982)); cf. Kugler v. Helfant, 421 U.S. 117, 124 (1975) (noting Younger abstention doctrine exceptions).

Here, even if plaintiff's state criminal proceedings were ongoing, the court finds Younger abstention appropriate and that no exception to the doctrine applies. See Nivens, 319 F.3d at 153.

Lastly, should plaintiff seek to challenge his state criminal conviction under § 1983, plaintiff fails to plausibly allege that the "conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal . . . , or called into question by a federal court's issuance of a writ of habeas corpus." Heck v. Humphrey, 512 U.S. 477, 487 (1994). The Supreme Court has held, "a state prisoner's § 1983 action is barred (absent prior invalidation)—no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings)—if success in that action would necessarily demonstrate the invalidity of confinement or its duration." Wilkinson v. Dotson, 544 U.S. 74, 81–82 (2005) (emphasis omitted); see also Thigpen v. McDonnell, 273 F. App'x 271, 272 (4th Cir. 2008) (per curiam) (unpublished).

Here, because a finding that the purported errors in plaintiff's state criminal proceedings violated his due process rights would imply the invalidity of his conviction, and because plaintiff has not shown that his conviction was declared invalid or called into question by the issuance of a writ of habeas corpus, plaintiff's claims are barred by Heck. See Wilkinson, 544 U.S. at 81–82.

To the extent plaintiff instead seeks release from his state confinement, a writ of habeas corpus, not an action under § 1983, is the exclusive remedy for inmates seeking release from purportedly unconstitutional confinement. See Preiser v. Rodriguez, 411 U.S. 475, 500 (1973).

4

Although plaintiff's filings do not indicate the status of any post-conviction proceedings, the court reminds plaintiff that, absent a valid excuse, a state prisoner must exhaust all available remedies in state court before seeking federal habeas corpus relief. See 28 U.S.C. § 2254(b). Section 2254's exhaustion provision requires "state prisoners [to] give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." O'Sullivan v. Boerckel, 526 U.S. 838, 845 (1999).

## CONCLUSION

For the reasons discussed above, the court DISMISSES this action as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(i). The clerk is DIRECTED to close this case.

SO ORDERED, this the 29th day of January, 2024.

RICHARD E. MYERS, II
Chief United States District Judge

5

Case 5:22-ct-03377-M-RJ   Document 10   Filed 01/30/24   Page 5 of 5